# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| REPUBLIC BANK<br><br>Plaintiff,<br><br>vs.<br><br>ETHOS ENVIRONMENTAL, INC.,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION.**<br><br>Case No. 1:09-cv-24<br><br>Magistrate Judge Brooke Wells |

Before the court are two motions. First, Plaintiff's motion for judgment as a matter of law request to submit for decision and request for entry of summary judgment without further notice[1] and second, Defendant's motion for extension of time to respond to the motion for summary judgment.[2] The court heard oral argument on these motions Friday March 5, 2010. Glenn Bronson represented Plaintiff Republic Bank. Robyn Wicks represented Defendant Ethos Environmental, Inc. As outlined during the hearing, the court GRANTS Defendant's motion for extension of time and DENIES Plaintiff's motion for entry of summary judgment without further notice.[3] Based upon Defendant's conduct in the case, the court also awards Plaintiff its attorney fees.

## BACKGROUND

In early November of 2009, Plaintiff Republic Bank filed a motion for summary judgment.[4] On December 1, 2009, Defendant Ethos Environmental, Inc.'s counsel sought leave

---

[1] Docket no. 37.
[2] Docket no. 40.
[3] This decision does not affect Plaintiff's motion for summary judgment, docket no. 20, which remains pending before the court.
[4] Docket no. 20.

1

to withdraw and also sought an extension of time to respond to the Plaintiff's motion for summary judgment in light of his withdrawal request. The court granted the extension but held a hearing on the motion to withdraw on December 7, 2009.[5] At the conclusion of the hearing the court granted the motion to withdraw. In its order following the hearing, the court stated that "Defendant, Ethos Environmental, Inc., shall have new counsel make an appearance on the record within **twenty days** from the date of entry of [the] Order."[6] Defendant failed to obtain new counsel by this deadline.

On January 19, 2010, the court granted Defendant's motion for extension of time to file a reply to the motion for summary judgment. Shortly thereafter, the court revised this order. In an order signed on January 26, 2010, the court ordered Defendant "to retain counsel and have them enter an appearance on the record by **February 1, 2010**."[7] The court also ordered that Defendant's opposition to Plaintiff's motion for summary judgment be filed on or before February 12, 2010.[8] Finally, the court placed Defendant on notice that "[f]urther failures by the Defendant to abide by the court's orders will likely result in the granting of Plaintiff's motion for summary judgment . . . pursuant to Local Rule 7-1(d)."[9] Once again, Defendant failed to abide by the court's deadlines.

Plaintiff filed a motion for judgment as a matter of law and request to submit for decision and request for entry of summary judgment without further notice on February 13, 2010.[10] In support of this motion Plaintiff cites to local rules 7-3 and 7-1(d), and Defendants continued

---

[5] Docket no. 30.
[6] Order dated December 7, 2009, p. 2 (emphasis added).
[7] Order dated January 26, 2010, p. 3. (emphasis in original).
[8] *See id.*
[9] *Id.* at p. 4.
[10] Docket no. 37.

failure to abide by this court's orders. "The docket reflects that no appearance of counsel has been entered and no response to Plaintiff's Motion for Summary Judgment has been filed, in violation of the Court's January 27, 2010, Order."[11]

Finally, on February 19, 2010, approximately 51 days after the original deadline, and almost a week after Plaintiff filed its motion for the immediate entry of summary judgment, Defendant had new counsel enter an appearance on the record. Three days later, on February 22, 2010, Defendant filed another motion for extension of time requesting "at least two weeks" to respond to Plaintiff's motion for summary judgment.

## DISCUSSION

This court has broad discretion to manage its docket in order to achieve the orderly and timely disposition of cases.[12] This includes the imposition of sanctions against parties for violating the civil rules,[13] or failing to comply or cooperate in discovery.[14] Additionally, the court may grant a motion without further notice if a party fails to respond,[15] or hold a party in contempt for failing to follow court orders.[16]

Based upon the memoranda before the court, the arguments made by counsel during oral argument and the history of the case, the court does not attribute any bad faith to Parr Brown Gee & Loveless, P.C. who entered an appearance on the record through Joseph Covey on February

---

[11] Pla. mtn p. 3.
[12] *See* *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009); *see e.g.,* *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a trial court's power to dismiss for lack of prosecution "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir.1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion.").
[13] *See* DUCivR 1-2.
[14] *See* Fed. R. Civ. P. 37.
[15] *See* DUCivR 7-1(d).
[16] *See* *F.T.C. v. Kuykendall*, 371 F.3d 745 (10th Cir. 2004).

19, 2010.[17] But, the court is seriously concerned about the conduct of Defendant Ethos who had a responsibility to diligently defend this action. In *Rowland v. California Men's Colony*,[18] the U.S. Supreme Court stated, "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."[19] Thus, on December 7, 2009, when the court permitted Defendant's prior counsel David Wright to withdraw, Ethos was on notice that it needed to obtain new counsel by the court ordered deadline. Ethos' failure to comply with court orders and its lack of fulfilling its responsibility in this case raises serious questions about whether Ethos' actions constitute bad faith. At this time, the court does not find Ethos has acted in bad faith. But, the court hereby places Ethos and its newly acquired counsel on notice that there is not be any further neglect on their part or any future failures to abide by court orders. The court further directs California counsel for Ethos to either enter an appearance on the record, or establish a procedure whereby the court can be assured that Ethos has received all future notices in this case.

Given Ethos' conduct in this case, the court hereby awards Republic Bank its attorney fees in this matter. Specifically, the court finds Republic Bank is entitled to attorney fees for its work in regard to the memorandum in opposition to Ethos' motion for extension of time,[20] the motion for reconsideration,[21] the motion for judgment as a matter of law request to submit for decision,[22] the memorandum in opposition to Ethos' third motion for extension of time[23] and the time spent by Republic Bank's counsel in court on March 5, 2010. Republic Bank's counsel,

---

[17] Docket no. 39.
[18] 506 U.S. 194, 202 (1993).
[19] *Id.*
[20] Docket no. 34.
[21] Docket no. 35.
[22] Docket no. 37.
[23] Docket no. 43.

Mr. Bronson, is to submit an affidavit regarding these attorney fees by Wednesday March 10, 2010. Counsel for Ethos may then respond to the affidavit by March 17, 2010.

Based upon the broad notion that favors deciding a case on its merits,[24] the court will permit Ethos one more opportunity to respond to Plaintiff's motion for summary judgment. Ethos has until March, 19, 2010, to respond to Plaintiff's motion for summary judgment.

Accordingly, the court DENIES Plaintiff's motion for judgment as a matter of law request to submit for decision and request for entry of summary judgment without further notice[25] and GRANTS Defendant's motion for extension of time to respond to the motion for summary judgment.[26] Further, the court AWARDS Plaintiff its attorney fees as outlined above.

IT IS SO ORDERED this 8th day of March, 2010.

BY THE COURT:

_____
Magistrate Judge Brooke C. Wells

---

[24] *See* *White v. Ockey*, 2007 WL 1600483 (10th Cir.); *Nolan v. U.S. Dept. of Justice*, 973 F.2d 843, 846 (10th Cir. 1992); *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987).
[25] Docket no. 37.
[26] Docket no. 40.