IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REPUBLIC BANK, INC.,<br>a Utah corporation,<br><br>                Plaintiff,<br>v.<br><br>ETHOS ENVIRONMENTAL, INC.,<br>a California corporation,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUBSTITUTION OF PARTIES AND AMENDMENT OF FINAL JUDGMENT<br><br>Case No. 1:09-cv-24 BCW<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff Assignee Mazuma Capital Corp. (Mazuma's) Motion for Substitution of Parties and Amendment of Final Judgment.[1]  Mazuma moves pursuant to Rule 25(c) which allows for substitution of parties when a transfer of interest occurs.  This Rule states:

> Transfer of Interest.  If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3).[2]

Based upon the filings of Mazuma in support of its motion, the Court finds that the requirements of service under Rule 25(a)(3) have been met.[3]

On June 13, 2011, Ethos Environmental Inc., filed a Form 8-K with the United States Securities and Exchange Commission along with a press release noting that it had changed its

---

[1] Docket no. 76.

[2] Fed. R. Civ. P. 25(c) (2011).

[3] Mazuma filed the instant motion on April 20, 2012, and as of the date of this decision there has been no opposition filed.  Local Rule 7-1(d) provides that the Court may grant a motion if there is no opposition filed.  *See* DUCivR 7-1(d) (2011).  Thus, failure to file any opposition is another independent basis for the Court to grant Mazuma's motion.  Although a response to the motion is not necessary, it is helpful to the Court when a party files a notice that it does not oppose a motion rather than remain quiet by not filing any documentation.

corporate name from Ethos to Regeneca, Inc.[4] On approximately March 9, 2012, Republic Bank Inc., assigned to Mazuma all of its rights and interests in the Final Judgment.[5] Therefore, in light of the assignment of rights in this suit from original Plaintiff Republic to Mazuma, and the merger and name change of original Defendant Ethos to Regeneca, the Court finds Mazuma's request for substitution of parties under Rule 25 is well taken.

## ORDER

Accordingly, for those reasons fully set forth in Mazuma's memorandum in support of its motion, finding good cause shown, and pursuant to Rule 25(c), the Court GRANTS Mazuma's Motion for Substitution of Parties and Amendment of Final Judgment. The Clerk of the Court is directed to make the necessary changes to the Final Judgment and all future pleadings are to reflect the substitutions.

DATED this 1 June 2012.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[4] *See* Mem. in sup. Exs. A, B, and C.

[5] *See id.* Ex. E.